THOMAS P. CRAWFORD *vs.* ZACHARIAH BERRY.—*Dec.* 1840.

In trespass q. c. f., defence was taken on warrant, to prove location, a certificate of resurvey, not located, is inadmissible.

A certified copy under the seal of the land office, is the best evidence of a certificate purporting to have been made under a warrant of resurvey from that office.

APPEAL from *Prince George's* County Court.

This was an action of trespass Q. C. F., for a trespass upon *Greenwood*. The defendant pleaded not guilty, and took defence on warrant.

At the trial of this cause, the plaintiff, to maintain the issue on his part, read in evidence to the jury the certificate of resurvey of the tract of land called *Greenwood Park*, in the declaration mentioned, and proved that the same corresponded

with the location thereof made by him upon the plots, and proved title in himself to said tract. He further proved, that the tree just within the plaintiff's location of the first line of his tract, indicated upon the plat by the mark L, was cut down by the plaintiff some time in the year eighteen hundred and thirty-five, and that after being cut thus down, the timber of the said tree was carried away by the defendant. He further proved, that this cutting down and carrying away, was shortly before the institution of this suit. The defendant thereupon, to maintain the issue joined upon his part, read to the jury the patent for the tract of land called "Outlett," and proved that the same corresponded with the location thereof, made by him upon the plat, and proved title in himself to said tract. The defendant then further proved, that some short time subsequently to the year eighteen hundred, a survey was made of the first and second lines of *Greenwood Park*, and the second and third lines of "*Outlett*," being a dividing line between the parties, by *John Magill*, a former surveyor of *Prince George's* county, in the presence of and with the consent of the present defendant, and the late *Nathaniel Craufurd*, under whom the plaintiff claims, when the said first line of *Greenwood Park* and second of "*Outlett*," being the dividing line, was run from the beginning thereof, at A, upon the plats, and from that point along the line indicated by the black dotted lines, being the defendant's location thereof, to the white oak tree, at the end of said line, at the letter C, and proved that the said tree was then with the consent of said *Craufurd* and *Berry*, marked as a bounded tree, and as the termination of said first line of the plaintiffs' tract, and second of *Outlet*, and dividing line between the said parties, and proved by witnesses that said tree now stands at the end of said line, as located by the defendant. The plaintiff thereupon proved, that in the year eighteen hundred and thirty-five, when a private survey of said line was made by the defendant, no marks were visible on said tree, and that the said tree was then marked by blazing the same, and then for the purpose of proving that the witnesses who had proved on the part of the defendant, that said tree

was marked upon the said survey made by *McGill*, and agreed upon as a bounded tree, at the end of the said lines were mistaken; and also for the purpose of proving that his location of *Greenwood Park* was the correct location, offered to read to the jury the following certificate of resurvey of said tract, made for the said *Nathaniel Craufurd*, in the year seventeen hundred and ninety-nine. [This certificate was not under the seal of the land office, though it purported to be in virtue of a warrant of resurvey for *Greenwood Park*, from that office,] by which it appears that there is no call at the end of said first line, intending to insist before the jury that the survey, of which the said paper was the certificate, was the survey spoken of by the defendant's witness, and that they were mistaken, as well in regard to the date at which the same was made, as in regard to the other facts sworn to by them in relation thereto; but it appearing that said certificate of resurvey contained a small quantity of vacancy, not included in the original tract called *Greenwood Park*, and that another small portion of said original tract had been left out, as being within the limits of elder surveys, the Court, (STEPHEN, C. J., and KEY, A. J.,) upon the objection of the defendant's counsel, refused to permit said certificate to be read to the jury. The plaintiff excepted, and brought this appeal.

The cause was argued before ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By J. JOHNSON and T. F. BOWIE for the appellants, who contended—

1. That as the plaintiff had located the whole of his tract called "*Greenwood Park*," and proved title in himself thereto, the certificate of the resurvey of the same tract, of the 5th of June 1799, though not located, was admissible.

2. That said certificate, if it had gone to the jury, was calculated to have a material influence upon their minds, in forming their verdict.

T. S. Alexander and A. C. Magruder for the appellees contended—

1. That if the paper could have been admitted for any purpose, it should have been located on the plots. It corresponded with no location thereon.

2. That if there had been any certificate of survey of *Greenwood*, and it was necessary for any purpose to offer the same in evidence, a copy from the land office, and not a paper made out for *Nathaniel Crawford*, should have been offered in evidence.

3. The paper was offered to contradict the defendant's testimony, it has no tendency to prove the matters for which it was offered in proof.

Archer, J., delivered the opinion of the court.

We think the evidence proposed to be offered, was neither admissible to prove location on the part of the plaintiff, nor to contradict the witness.

It is said in *Mundell vs. Perry*, 2 *Gill & John.* 205, that the object and intention of introducing plots in the cause, is to give certainty to the claim and defence; and to apprise the parties that the location of other lands, is to be used, to illustrate and support the location of those under which they claim title, and to prevent surprise. The same doctrine is laid down in 7 *Gill & John.* 68, and that no title paper, not located, can be offered in evidence, and as the court enquired there, we ask here, was there any location on the plots corresponding with the resurvey on *Greenwood Park?* There certainly was not; and the answer to this question, is decisive of the point in controversy.

Nor do we think it was admissible in evidence to contradict the witness. If under any circumstances it could have been received for such a purpose, a certified copy should have been produced the best evidence.

JUDGMENT AFFIRMED.